UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | | |
|---|---|---|
| CHARLES COSGROVE, JR. | ) | |
| | ) | |
| Petitioner | ) | Civil Action No. 7: 08-CV-121-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| HECTOR RIOS, JR. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 11, 2008, the Court entered an Order of Dismissal [R. 4] dismissing the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 2] by Charles Cosgrove, Jr. ("Cosgrove"), an inmate confined at the United States Penitentiary-Big Sandy in Inez, Kentucky ("USP-Big Sandy"). Following Cosgrove's timely appeal, [R. 6] the Sixth Circuit Court of Appeals affirmed the dismissal of the conditions of confinement claims asserted in the petition, but reversed the dismissal of habeas corpus claims it determined to be properly asserted in the petition, and remanded the petition for further proceedings. [R. 14]  The Sixth Circuit having entered the mandate, [R. 15] this matter is before the Court for further proceedings.

**I.   Background**

On May 23, 2008, Cosgrove filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Clerk of the Court docketed that action as *Cosgrove v. Rios*, 08-CV-109, Eastern District of Kentucky.  In that petition, Cosgrove alleged that respondent Warden Hector Rios had caused him to forfeit Good Conduct Time ("GCT") without due process of law.  More particularly,

1

Cosgrove alleged that the Disciplinary Hearing Officer ("DHO") refused to review a videotape of the altercation between Cosgrove and two BOP officers, which Cosgrove averred was exculpatory. Cosgrove further challenged the warden's refusal to immediately place him in a Residential Re-Entry Center ("RRC") as a violation of his due process rights. Cosgrove included with his petition extensive documentation of the Incident Report, investigative documents, and grievances filed by Cosgrove regarding the DHO sanctions. [R. 2 therein]

On June 9, 2008, before any action had been taken on Cosgrove's petition in *Cosgrove v. Rios*, 08-CV-109, Cosgrove filed a "Motion in Support of Habeas Petition..." Because Cosgrove's "Motion" did not set forth that civil action number or reference his prior petition, and the subject matter of his "Motion" was not so clearly related to his prior petition to give either the Clerk or the Court notice that he intended to file his "Motion" in the pre-existing proceeding, the Clerk of the Court treated the "Motion" as a new Section 2241 petition. The Clerk therefore opened the present proceeding and docketed the "Motion" as a new habeas petition. [R. 2]

Upon initial screening, the Court determined that the claims were not cognizable in a habeas corpus proceeding. [R. 4] In doing so, the Court noted that the gravamen of Newton's petition was that he was entitled to a lower security classification, and hence should be placed in a lower security institution, and that he should be considered for immediate placement in a RRC. Newton's petition stated that his involvement in disciplinary proceedings was limited by his mental illness, but made no assertion that those disciplinary proceedings resulted in the loss of GCT. Because the relief requested by Cosgrove -- transfer to a lower security institution or a RRC -- plainly sought relief from his "conditions of confinement," his claims were cognizable solely in an action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). Accordingly, the Court denied the petition

without prejudice to re-assert his claims utilizing the proper vehicle to do so as directed by *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). [R. 4, 5]

A week later, on June 18, 2008, Cosgrove filed a timely notice of appeal. [R. 6] In his notice, Cosgrove alleged for the first time that the disciplinary proceedings against him resulted in his loss of GCT. Had Cosgrove introduced this critical fact in a motion to alter, amend or vacate the judgment, the Court had the discretionary authority under Fed.R.Civ.P. 59(e) to vacate its prior judgment in light of the newly-presented evidence. However, because Cosgrove made this factual allegation in a notice of appeal, the Court was deprived of jurisdiction to do so. 28 U.S.C. § 1291; *Trice v. Commercial Union Assur. Co.*, 334 F.2d 673 (6th Cir. 1964) (properly-filed notice of appeal divests the trial court of jurisdiction over the case and vests it in the court of appeals).

On September 19, 2008, while Cosgrove's appeal in this matter remained pending before the Sixth Circuit, the Court in *Cosgrove v. Rios*, 08-109, conducted its screening of the petition Cosgrove filed in that matter. [R. 4 therein] In that petition, Cosgrove appeared to assert four claims: (1) his DHO conviction for assaulting a guard violated due process; (2) prison guards used excessive force against him in violation of the Eighth Amendment; (3) his DHO convictions for possessing a tattoo gun and possessing intoxicants violated due process; and (4) he was entitled to placement in a RRC. The Court concluded that the excessive force claim was not cognizable in a habeas corpus petition, and dismissed that claim without prejudice. [R. 4 therein, at pg. 4] The Court further determined that the factual and legal basis for the three remaining claims was distinct from each other, and should accordingly be severed. The Court therefore dismissed the claims relating to RRC placement and the tattoo gun/intoxicants conviction without prejudice to Cosgrove re-asserting those claims in two separate habeas proceedings. [R. 4 therein at pgs. 5-6] With respect to Cosgrove's remaining

3

claim regarding his DHO conviction for assaulting a guard, the Court directed Cosgrove to file documentary evidence into the record that he had administratively exhausted that claim. [R. 4 therein at pgs. 6-7]

On October 14, 2008, Cosgrove filed his Response to the Court's Order in *Cosgrove v. Rios*, 08-CV-109. [R. 5 therein] In his Response, Cosgrove expressed his belief that his habeas petition had been filed in *Cosgrove v. Rios*, 08-CV-121, and that the Memorandum Opinion and Order entered in *Cosgrove v. Rios*, 08-CV-109 constituted the Court's effort "to revive its bogus denial of Case No. 7:08-cv-121-KKC." [R. 5 therein at pg. 1] Cosgrove explained that "Civil Action No. 7:08-cv-109-KKC, and action No. 7:08-cv-121-KKC are the same action." Cosgrove also included documentation regarding the incident which gave rise to the assault charge and his efforts to exhaust his administrative remedies regarding the DHO conviction. [R. 5-2]

Because Cosgrove's statements in his Response was relevant to both proceedings, the relatedness of which the Court was only then made aware, the Court directed that his Response be filed in *Cosgrove v. Rios*, 08-CV-121. [R. 6 therein] Upon subsequent review of the documents filed by Cosgrove, on October 21, 2008, the Court screened the remaining claim, found the DHO conviction was entered without violation of Cosgrove's due process rights, and denied the petition. [R. 8 therein] On November 10, 2008, Cosgrove filed a timely notice of appeal in that action [R. 12 therein] which remains pending before the Sixth Circuit.

After the Response Cosgrove filed in *Cosgrove v. Rios*, 08-CV-109 [R. 5 therein] was docketed in this action [R. 11], the Court entered an Order [R. 12] explaining some of this history in order to assist Cosgrove in understanding the procedural posture of each of his remaining claims. Because the November 10, 2008 notice of appeal filed by Cosgrove in *Cosgrove v. Rios*, 08-109, expressly

4

requested that it be filed in this action as well, the Clerk of the Court docketed the notice herein. [R. 13][1]

## II.     Discussion

In its Order [R. 14], the Sixth Circuit concluded:

> Although the district court properly resolved the civil rights action, it improperly failed to address Cosgrove's habeas corpus issues. ... In Cosgrove's case, he alleges that he was subjected to the loss of good time credits as a result of a disciplinary process. A federal constitutional violation in a prison misconduct proceeding that results in the loss of good time credits can only be remedied through a writ of habeas corpus. Therefore, the district court erred by not recognizing Cosgrove's allegations as raising a valid habeas corpus claim.

The Sixth Circuit was unquestionably correct in noting that a challenge to a prison disciplinary proceeding which results in the loss of GCT is cognizable in a habeas corpus proceeding. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). The critical fact - which seems to have evaded the Sixth Circuit's attention - is that Cosgrove's petition [R. 2], the only document screened by this Court pursuant to 28 U.S.C. § 2243 in its Order dismissing the petition [R. 4], is devoid of any allegation that he lost GCT as a result of the DHO proceeding. Indeed, Cosgrove's petition does not request that the DHO sanction be vacated, but rather plainly seeks his transfer to a lower security facility or a RRC.

Cosgrove's allegation that he lost GCT was made for the first time in this action in the Notice of Appeal [R. 6] he filed following the Court's denial of his petition. As previously noted, because

---

[1] Although the Sixth Circuit has issued the mandate in Cosgrove's first appeal, the second appeal taken by Cosgrove in this matter remains pending. However, the filing of the second notice of appeal, taken from the same order and judgment as the first notice, had no legal effect with respect to this court's jurisdiction, as it was redundant and patently defective as filed well beyond the 60 days permitted to file a notice of appeal. *United States v. Crescent Amusement Co.*, 323 U.S. 173, 177-78 (1944) (defective appeal does not divest district court of jurisdiction); *Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350-52 (Fed. Cir. 2008) (district court may proceed in face of patently defective notice of appeal). Accordingly, this Court was re-vested with jurisdiction over the petition upon the Sixth Circuit's entry of the mandate.

the filing of a timely and proper notice of appeal immediately vests jurisdiction in the Court of Appeals, 28 U.S.C. § 1291, at that juncture the Court was without jurisdiction to remedy the situation. *Trice v. Commercial Union Assur. Co.*, 334 F.2d 673 (6th Cir. 1964) (properly-filed notice of appeal divests the trial court of jurisdiction over the case and vests it in the court of appeals).

Cosgrove did raise his allegation that he lost GCT in his brief before the Sixth Circuit. *Cosgrove v. Rios*, 08-5770, Court of Appeals for the Sixth Circuit. [July 14, 2008 Brief of Appellant]. While the Sixth Circuit does not generally address issues raised for the first time on appeal, *Enertech Elec., Inc. v. Mahoning County Commr's*, 85 F.3d 257, 261 (6th Cir. 1996), it may choose to do so if it finds that exceptional circumstances warrant their consideration. Although the Sixth Circuit expressed no indication that it was doing so in this instance, it may have made that finding implicitly. In light of the fact that Cosgrove plainly intended to have the "petition" filed in this matter treated as a legal memorandum in support of the petition he had already filed in *Cosgrove v. Rios*, 08-109, the Court cannot disagree.

Towards that end, the Court determines that the best course to give practical effect both to the Sixth Circuit's mandate and Cosgrove's expressed intentions is to deny the present petition, without prejudice to Cosgrove's right to re-assert such claims in accordance with and to the extent permitted by the Court's direction given in *Cosgrove v. Rios*, 08-109.

With respect to the Sixth Circuit's mandate, the Court interprets the Sixth Circuit's Order to direct this Court to consider the merits of Cosgrove's implicit challenge to the DHO sanction which deprived him of GCT. The only reference, albeit an oblique one, in Cosgrove's petition regarding this subject matter is a reference to disciplinary action arising out of "assaulting staff." While Cosgrove's petition in this case offers no further detail regarding this DHO conviction, the

6

Court takes judicial notice of its own records pursuant to FED.R.EVID. 201. In *Cosgrove v. Rios*, 08-109, Cosgrove's petition challenged two DHO sanctions, one for Threatening Another with Bodily Harm and another for Attempted Assault. In its Memorandum Opinion and Order reviewing these disciplinary convictions, the Court found that Cosgrove's due process rights were not violated by either conviction. [R. 8 therein] Cosgrove has appealed this determination to the Sixth Circuit. [R. 12] The Court finds that its prior resolution of Cosgrove's due process claims on the merits in *Cosgrove v. Rios*, 08-109, satisfies the Sixth Circuit's mandate in this case.[2]

This determination is also consistent with Cosgrove's expression, both to this Court and to the Sixth Circuit, that the document which was filed as a petition in this action [R. 2] was intended to be filed as a memorandum in support of his petition in *Cosgrove v. Rios*, 08-109. It is therefore clear that Cosgrove did not intend that document to raise any new issues that were not already raised in that case. The denial of the present petition therefore effects the result desired by Cosgrove, that his claims be addressed in a single action, rather than two.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Petitioner Cosgrove's claims regarding his disciplinary convictions for assault on prison guards are **DENIED WITH PREJUDICE**.

2. Petitioner Cosgrove's claims regarding his disciplinary convictions for possessing a tattoo gun and possessing intoxicants are **DENIED WITHOUT PREJUDICE**.

---

[2] To the extent that the Sixth Circuit's remand can be construed to direct the Court to address any other habeas claims by Cosgrove, beyond his challenge to the assault conviction, such claims are likewise resolved by the Court's September 19, 2008 Memorandum Opinion and Order entered in *Cosgrove v. Rios*, 08-109. [R. 4 therein] That Order denied Cosgrove's claims regarding his disciplinary convictions for possessing a tattoo gun and intoxicants and his desire for RRC placement without prejudice, and directed him to assert such claims in separate habeas petitions.

3.	Petitioner Cosgrove's claims regarding his placement in a Residential Reentry Center are **DENIED WITHOUT PREJUDICE**.

Dated this 6th day of May, 2009.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge